IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DISABILITY RIGHTS OF
WEST VIRGINIA,
JOHN DOE, and JANE DOE,**

                **Plaintiffs/Petitioners,**

**v.**                                   **Civil Case No.:** 2:17-cv-01910

**BILL CROUCH, in his official capacity
as Secretary of the Department of Health
and Human Services of the State of
West Virginia,**

                **Defendant.**

## COMPLAINT

### I. NATURE OF CASE

This is an action under 42 U.S.C. § 1983 to enforce rights guaranteed to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution. At issue is the Secretary of the Department of Health and Human Services actions to hold Medicaid fair hearings in abeyance pending further action in the *Michael T. v. Karen Bowling* case before the U.S. District for the Southern District of West Virginia for an undetermined amount of time, exceeding the 90-day time requirement for a final administrative decision in violation of the rights conferred by federal law.

### II. JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

2.      Claims for relief under federal law are authorized under 42 U.S.C. § 1983, as Defendant has acted under color of state law.

3.      Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4.      Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b) in that it is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## III. PARTIES

### A. Plaintiff/Petitioners Disability Rights of West Virginia

5.      Plaintiff/Petitioners Disability Rights of West Virginia ("DRWV"), is the federally mandated protection and advocacy system (P&A) for persons with disabilities in West Virginia. DRWV is a private, non-profit agency established for purposes of subtitle C of the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15401 *et seq.*

6.      As the designated P&A for West Virginia, DRWV receives federal funds to protect and advocate for the rights of persons with developmental disabilities under the Developmental Disabilities Assistance and Bill of Rights Act (DD Act) 42 U.S.C. § 15043, persons with significant mental illness or an emotional impairment under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act), 42 U.S.C. § 10802(2), and persons with other disabilities under the Protection and Advocacy for Individual Rights (PAIR) program. 29 U.S.C. § 794e(m). As such, DRWV uses federal funding, in lieu of client fees, to support legal advocacy efforts on behalf of individuals with mental illness, developmental disabilities, and other disabilities.

7.      DRWV brings this suit to prevent further injury to itself as a result of being prevented from fulfilling its obligations as the Protection and Advocacy system for West Virginia.

2

8.      Additionally, DRWV brings this suit on behalf of all other members of its constituency who would or will have standing to sue in their own right.

9.       DRWV has associational standing to bring this lawsuit as DRWV is the functional equivalent of a voluntary membership organization. DRWV was created by Congress to protect and advocate for West Virginia constituents under the DD and PAIMI Acts, and through the PAIR program. DRWV constituents include individuals with developmental disabilities, significant mental illness or emotional impairments, and other disabilities who have been denied their right to a prompt Medicaid fair hearing.

10.     Challenging actions by the State that prevent individuals with disabilities from exercising a right given to them under the law is germane to DRWV's overarching organizational mission and purpose: the protection of and advocacy for "the human and legal rights of persons with disabilities." *See* Art. II of the By-Laws of Disability Rights of West Virginia, reproduced at Disability Rights of West Virginia, https://www.drofwv.org/about-us/ (last visited February 21, 2017).

11.     DRWV is specifically designed to embody the interests of, and to answer to, West Virginians either with, or closely connected to mental illness and developmental disabilities.

12.     DRWV's governing board, in accordance with 42 U.S.C. § 15044(a), which establishes the requirements of governing boards of the Protection and Advocacy system, is vested with full executive function and power over DRWV, as West Virginia's P&A system.

13.      The majority of the DRWV board are "individuals with disabilities, including individuals with developmental disabilities who are eligible for services, or have received or are receiving services through the system; or parents, family members, guardians, advocates, or authorized representatives of individuals with disabilities." *See* 42 U.S.C. § 15044(a)(1)(B). The

3

governing board of directors broadly represent and are knowledgeable about the needs of individuals with disabilities. Specifically, DRWV's board includes members who have received or are receiving services, parents with children who have received or are receiving services, and a grandparent with a grandchild who has or is receiving services.

14.     DRWV publishes the agencies annual priorities and objectives, including those for PAIMI and DD programs, on its website inviting constituents to comment on their relative importance to DRWV's statutory charge to protect and advocate for individuals in the DD and PAIMI community.

15.      In addition to its online publications, DRWV conducts forty-five day public comment periods during which it holds public meetings, conducts targeted outreach, and solicits input from community groups. Public meetings are advertised in newspapers and posted to online social media outlets. During these periods, DRWV asks the public to comment on what they consider to be priorities DRWV should address. To maximize input, DRWV encourages comment through writing, phone, email, and online social media. DRWV's message is further disseminated via mailing lists and list serves maintained by its affiliated groups.

16.     The Board of Directors annually convenes a workgroup to go through all of the public comments before drafting the priorities and objectives for the coming year. The drafted priorities and objectives are then submitted to the Board of Directors for final changes before voting and acceptance for the new fiscal year.

17.      In Further efforts to represent and reflect PAIMI and DD constituents, DRWV compiles reports describing its activities, accomplishments, and expenditures; provides for public opportunities to comment on its priorities and activities; conducts annual surveys; and allows for the filing of formal grievances. *See* 42 U.S.C. § 10805. The grievance procedure not only assures

the PAIMI and DD community full access to services of the system, but also assures that the system is operating in compliance with statutory mandates. *See id.*

18.     In this action, DRWV represents the interests of the individual named Plaintiffs and other constituents of the organization who have been negatively impacted by the actions of the West Virginia Department of Health and Human Services ("DHHR").

### B. Plaintiff/Petitioner John Doe

19.     Plaintiff/Petitioner John Doe is a constituent of DRWV and an individual who requested a Medicaid fair hearing and did not receive a final administrative decision on the matter within a reasonably prompt period of time.

20.     As a result of DHHR not providing a final administrative decision within a reasonably prompt period of time, Mr. Doe has suffered and will continue to suffer harm.

### C. Plaintiff/Petitioner Jane Doe

21.     Plaintiff/Petitioner Jane Doe is a constituent of DRWV and an individual who requested a Medicaid fair hearing and did not receive a final administrative decision on the matter within a reasonably prompt period of time.

22.     As a result of DHHR not providing a final administrative decision within a reasonably prompt period of time, Ms. Doe has suffered and will continue to suffer harm.

### D. Defendant/Respondent Secretary of WV DHHR

23.     Defendant Bill J. Crouch is the Secretary of DHHR, and as such is responsible for the operation, control, and administration of DHHR in West Virginia, including the West Virginia Bureau of Medical Services ("BMS"). BMS oversees the general administration and operation of the state's I/DD Waiver program.

24.     Defendant Crouch is sued only in his official capacity as the government official with overall executive authority over DHHR and its various bureaus and contracting agencies. For that reason, this complaint will refer to the Defendant generally as ("DHHR").

## IV. STATUTORY AND REGULATORY SCHEME

### A. Framework of the Medicaid Program

25.     The Medical Assistance Program ("Medicaid") is a joint federal-state program established under Title XIX of the Social Security Act (the "Medicaid Act") that provides federal funding for state programs that furnish medical assistance and rehabilitation and other services to needy individuals. 42 U.S.C. § 1396 *et. seq.*; 42 C.F.R. § 430 *et. seq.*

26.     States do not have to participate in the Medicaid program, but if they do, they must conform to federal law and regulations to qualify for federal financial participation. 42 U.S.C. §§ 1396, 1396a, 1396c.

27.     Any state participating in the Medicaid program must adopt an approved State plan, and must administer the program through a "single state agency." 42 U.S.C. §1396(a)(5); 42 C.F.R. § 431.10. West Virginia has elected to participate in the Medicaid program, and the "single state agency" responsible for administering the Medicaid program is the Bureau of Medical Services ("BMS") within DHHR. W.Va. Code § 29-15-6.

### B. West Virginia's Intellectual/Developmental Disabilities Home and Community Based Services Waiver Program

28.     West Virginia has chosen to accept federal funding to provide residential, health, and rehabilitative services for individuals with intellectual/developmental disabilities. 42 U.S.C. § 1396d(a)(15), § 1396d(d).

29.     West Virginia's Intellectual/Developmental Disabilities Home and Community Based
Service Waiver Program (I/DD Waiver) is a home and community-based program for recipients
of Medicaid with intellectual and/or developmental disabilities, administered by BMS pursuant
to the Medicaid waiver option. 42 C.F.R. § 441.300.

30.     Individuals with intellectual and developmental disabilities who qualify to receive home
and community-based services receive an allotment of I/DD Waiver benefits, which is
represented by an annual budget for services. The allotment of waiver benefits by law must (i) be
based on a person's individual need for care according to the local care provider team most
familiar with the individual needs, (ii) be sufficient to maintain the recipient in a safe, healthy,
and humane condition within an integrated community and home-like setting, and (iii) be less
than the cost of placement in an institutional setting.

### C.  Fair Hearing Process and Requirements

31.     Federal law and regulations require a state's Medicaid program to provide Medicaid
applicants and recipients with recourse to an administrative fair hearing when Medicaid benefits
are denied, reduced, or terminated, or when a claim for medical assistance "is not acted upon
with reasonable promptness." 42 U.S.C. § 1396a(a)(3); 42 C.F.R. 431.220.

32.     DHHR may delegate certain responsibilities for administrating the Medicaid program.
42 U.S.C. § 1396a(a)(1). Although DHHR retains ultimate responsibility for making final
administrative determinations, the Board of Review (BOR) is authorized under state law to
provide a fair, impartial, and expeditious hearing process to I/DD Waiver applicants and
recipients. W.Va. Code § 9-2-6(13)-(14).

33.     In accordance with the Medicaid Act a State plan must afford individuals an opportunity to apply for assistance and such assistance shall be furnished with reasonable promptness to all eligible individuals. *Doe v. Kidd*, 419 Fed. Appx. 411 (4th Cir. 2011).

34.     Federal regulations require the BOR to "take final administrative action" on a fair hearing request "within 90 days" of the date the fair hearing was requested. 42 C.F.R. § 431.244(f).

35.     *Shakhnes v. Berlin,* persuasive authority from the Second Circuit, held that Medicaid recipients have a  right to a promptly held Medicaid fair hearing and a reasonably prompt final administrative decisions, issued with the time frame listed in 42 C.F.R. § 431.244(f).  698 F.3d 244 (2nd Cir. 2012).

## V. STATEMENT OF FACTS

36.     As the P&A, DRWV represents all persons with disabilities in the state of West Virginia.

37.      Starting as late as August of 2016, the BOR established a practice of holding Medicaid fair hearings in abeyance "pending any settlement, voluntary dismissal, compromise, final decision by the Court, or becomes moot due to the expiration of the Appellant's current service year" in the *Michael T.* litigation, Civil Action No.:2:15-CV-09655.

38.     At least one I/DD Waiver recipient and DRWV constituent, requested a fair hearing, never received a fair hearing, and was not informed of the decision by the BOR to hold Medicaid fair hearings in abeyance pending the outcome of the *Michael T.* litigation. It is unknown how many other I/DD Waiver Program recipients may have been treated similarly

39.     At least one I/DD Waiver recipient and DRWV constituent was only informed by phone that their Medicaid fair hearing was being held in abeyance pending the outcome of the *Michael T.* litigation. It is unknown how many other I/DD Waiver Program recipients may have been treated similarly.

40.     On or about January 25, 2017, upon obtaining a written *Order of Abeyance*, DRWV initiated negotiations with DHHR to address the unlawful practice of denying I/DD Waiver recipients the right to a reasonably prompt final administrative decision.

41.     Following these negotiations, DHHR filed *Motions to Set Aside Order of Abeyance* to the Board of Review for I/DD Waiver recipients not considered class members covered under *Michael T.* litigation by DHHR.

42.     I/DD Waiver recipients categorized as class members to the *Michael T.* litigation by DHHR were issued an *Order to Hold Appellant's Appeal in Abeyance*, which contained the following guidance, "This hearing may be reinstated and scheduled for hearing upon written motion by either party."

43.      The practices of the BOR caused persons with disabilities, for which DRWV is federally mandated to provide advocacy and representation, to go without hearings and final administrative decisions for a time extending beyond 90 days. Furthermore, failure to provide persons with disabilities a final administrative decision within 90 days has and will continue to cause I/DD Waiver recipients to lose waiver benefits needed for long-term maintenance of their integrated living arrangements.

44.     It is without doubt that an unknown number of such persons, like the Plaintiffs John Doe and Jane Doe, have been denied their right to a prompt Medicaid fair hearing and have therefore suffered an injury.

## VI. CLAIMS FOR RELIEF

45.     DHHR has violated 42 U.S.C. 1396a(a)(8) by failing in its duty to determine eligibility and provide services with reasonable promptness by holding challenges to the discontinuance and/or reduction of Medicaid home health services violates rights guaranteed to Plaintiffs under

the Due Process clause of the 14th Amendment to the United States Constitution, U.S. Const. Amend. XIV, §1.

46.     DHHR's practice of holding hearings in abeyance for an indefinite amount of time violates the right to petition guaranteed to the Plaintiff by the First Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## VII. PRAYER FOR RELIEF

47.     Plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

48.     As a result of the violations complained of herein, DRWV has suffered irreparable harm by diverting significant time, money, and resources to advocate for the rights of persons with disabilities covered under the I/DD Waiver program.

49.     Persons with disabilities who are I/DD Waiver recipients, with mandated protection and advocacy services through DRW, are suffering irreparable harm and will continue to do so unless violations complained of herein are declared unlawful and enjoined by this Court.

**WHEREFORE,** the Plaintiffs respectfully pray that this Court enter judgment:

(1) Taking original jurisdiction over this case;

(2) Declaring that the Defendant's custom and practice of failing to implement and/or ensure implementation of a Medicaid fair hearing with reasonable promptness in cases challenging the denial, discontinuance and/or reduction of Medicaid home health services violate Plaintiffs' and other similarly situated individuals rights under 42 U.S.C. § 1396(a)(8), as implemented and fleshed out by 42 C.F.R. § 435.930, as well as the Due

10

Process clause of the 14th Amendment to the United State Constitution, U.S. Const. Amend. XIV, § 1;

(3) To prevent future Constitutional violations, enjoining DHHR from holding future Medicaid fair hearings in abeyance against the Plaintiffs and other similarly situated individuals;

(4) To ensure reasonable promptness as to the final administrative decision in Medicaid fair hearing,  requiring Defendant to develop specific policies and procedures to implement the timeline required by federal law;

(5) Immediately granting I/DD Waiver recipients, who did not receive a final administrative decision within 90 days, the relief they sought in their fair hearings request for the remainder of their budget year;

(6) Immediately granting general compensatory relief in the form of the relief sought in requests for fair hearings for period of time extending beyond their current budget year for services not provided or equivalent monetary damages;

(5) Awarding reasonable attorney's fees, as provided by 42 U.S.C. § 1988;

(6) Awarding costs and disbursements; and

(7) Granting such other and further relief as the Court deems equitable and just.

## V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of

Rule 11.


Respectfully submitted this 17th day of March.

/s/ Jeremiah J. Underhill_____
West Virginia Bar # 13094
Disability Rights of West Virginia
1207 Quarrier Street
Charleston, WV 25301
Phone: 304-346-8047
Fax: 304-346-8067
junderhill@drofwv.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DISABILITY RIGHTS OF**
**WEST VIRGINIA,**
**JOHN DOE, and JANE DOE,**

        **Plaintiffs/Petitioners,**

**v.**                                    **Civil Case No.:** 2:17-cv-01910

**BILL CROUCH, in his official capacity**
**as Secretary of the Department of Health**
**and Human Services of the State of**
**West Virginia,**

        **Defendant.**

## CERTIFICATE OF SERVICE

        I, Jeremiah Underhill, undersigned counsel for the Plaintiffs, hereby certify that a true and exact copy of the accompanying *Complaint* was served upon the Defendant by First Class, U.S. Mail, to Bill Crouch Secretary of West Virginia's Department of Health and Human Services, One Davis Square, Suite 100 East, Charleston, West Virginia, 2530, this 17th day of March 2017.

                                     /s/ Jeremiah J. Underhill
                                     West Virginia Bar # 13094
                                     Disability Rights of West Virginia
                                     1207 Quarrier Street
                                     Charleston, WV 25301
                                     Phone: 304-346-8047
                                     Fax: 304-346-8067
                                     junderhill@drofwv.org